UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
EMMANUEL WIGGINS,                         : CASE NO. 1:19-CV-00541
                                          :
       Plaintiff,                         :
                                          :
vs.                                       : OPINION & ORDER
                                          : [Resolving Doc. Nos. 4, 5, 9, 10]
CHILD SUPPORT DIVISION, *et al.*,         :
                                          :
       Defendants.                        :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Emmanuel Wiggins challenges judgments of the El Paso, Texas Domestic Relations Court regarding child support and child custody, claiming compulsory payment of child support violates his First, Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendment rights. He asks this Court to vacate the state court judgments, enter judgment in his favor and order the Defendants to refund all money taken from him for child support. Defendants each move for dismissal of the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim. For the reasons stated below, the Motions to Dismiss (Doc. Nos. 4, 5, 9, and 10) are granted and this action is dismissed.

**I. Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint.[1] Generally, Fed. R. Civ. P. 12(b)(1) Motions fall into two categories: facial attacks and factual attacks.[2] A facial attack challenges

---
[1] Fed. R. Civ. P. 12(b)(1)
[2] *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

the sufficiency of the pleading itself.[3] In contrast, a factual attack challenges the factual existence of subject matter jurisdiction.[4] When a Defendant facially attacks subject matter jurisdiction, this Court must accept the Plaintiff's material allegations in the Complaint as true.[5] If the Motion presents a factual attack, the Court is free to consider other evidence and may weigh the evidence of its own jurisdiction without affording the Plaintiff the presumption of truthfulness.[6] The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1).[7] Lack of subject matter jurisdiction is a non-waivable, fatal defect.[8]

United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional.[9] Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.[10] Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.[11]

---

[3] *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997).
[4] *Id*.
[5] *Ritchie*, 15 F.3d at 598.
[6] *Id.*
[7] *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).
[8] *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).
[9] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).
[10] *Id.*
[11] *Berry v. Schmitt,* 688 F.3d 290, 298-99 (6th Cir. 2012).

2

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[12] This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts.[13]

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court."[14] It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion.[15] Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment.[16] To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint."[17] If the source of the Plaintiff's injury is the state court judgment itself, then the Rooker-Feldman doctrine bars the federal claim.[18] "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an

---

[12] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).
[13] *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).
[14] *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99.
[15] *Berry*, 688 F.3d 299.
[16] *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).
[17] *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.
[18] *McCormick*, 451 F.3d at 393.

independent claim."[19] In conducting this inquiry, the Court should also consider the Plaintiff's requested relief.[20]

Here, Plaintiff is clearly asking for review of the state court child support judgment. He contends the judgment is unconstitutional and asks this Court to vacate it. This Court lacks subject matter jurisdiction to review the state court decision or grant the requested relief.

### II. Personal Jurisdiction

Rule 12(b)(2) provides that a Defendant may seek dismissal if the Court lacks personal jurisdiction over that Defendant. Plaintiff bears the burden of establishing the Court's personal jurisdiction.[21] The Court has the discretion to decide the Motion on the materials submitted, permit discovery in order to aid in deciding the Motion, and/or to conduct an evidentiary hearing.[22] Neither party has requested discovery and the Court concludes that a hearing is not necessary in order to rule on Defendants' Motions. The Court must construe the pleadings in a light most favorable to Plaintiff.[23] Dismissal based on the material submitted is proper if all of the specific facts alleged by Plaintiff collectively fail to state a prima facie case for jurisdiction.[24] Pleadings and documents filed by *pro se* litigants are "liberally construed" by the Court.[25]

---

[19] *Id.*; *see Lawrence*, 531 F.3d at 368-69.
[20] *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).
[21] *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (further citation omitted) ).
[22] *Id.* (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) ).
[23] *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F.Supp.2d 531, 537–38 (S.D. Ohio 2012) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) ).
[24] *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08 CV 977, 2009 WL 385611, at *5 (N.D. Ohio Feb. 13, 2009) (quoting *CompuServe, Inc.*, 89 F.3d at 1262).
[25] *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

Whether federal subject matter jurisdiction is premised on diversity of citizenship or a federal question, Plaintiff must satisfy the requirements for personal jurisdiction under Ohio's long arm statute, Ohio Revised Code § 2307.382(A)(1)–(9), and must demonstrate that the Court's exercise of jurisdiction over the Defendant meets due process requirements.[26] If either factor of these factors is not met, the Court cannot exercise personal jurisdiction over Defendants.

In order to satisfy the due process component, Plaintiff must show that the Defendant has sufficient minimum contacts with Ohio so that the Court's exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."[27] Sufficient "minimum contacts" that satisfy the due process requirement may be general or specific. General jurisdiction exists when a Defendant's contacts with the forum state are "continuous and systematic" and render the Defendant amenable to any lawsuit brought against it in the state.[28] Specific jurisdiction over a Defendant is permissible only if the Defendant purposefully availed himself of the privilege of acting in Ohio, the cause of action arose from the Defendant's activities in Ohio; or the actions of the Defendant had a substantial enough connection with Ohio to make the exercise of jurisdiction over the Defendant reasonable.[29]

---

[26] *See Thomas W. Petrarca Corp. v. Writers Guild of Am. W. Inc*., No. 4:08CV1337, 2008 WL 5725659, at *2 (N.D. Ohio July 30, 2008) (citing *Theunissen*, 935 F.2d at 1459 (diversity); *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (federal question) ).

[27] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citation omitted); *Opportunity Fund, LLC*, 912 F.Supp.2d at 537–38 (To make out a prima facie case for the court's exercise of personal jurisdiction over a defendant, a plaintiff must establish "with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction." (some internal quotation marks omitted) ) (quoting *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887 (6th Cir. 2002) (further citation omitted) ).

[28] *Bird*, 289 F.3d at 873.

[29] *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (quoting *S. Mach. Co. v. Mohasco Indus., Inc*. 401 F.2d 374, 381 (6th Cir. 1968) ).

In this case, Plaintiff has not established that the Defendants have minimum contacts with the state of Ohio. The Defendants are a Texas municipality, a Texas Domestic Relations Court, a Texas state agency, the Texas Attorney General and a Texas Associate Judge. The case centers on a Texas child support proceeding and resulting judgment. Plaintiff gives no indication that any of these Defendants has any connection with the state of Ohio. He fails to establish this Court's personal jurisdiction over the Defendants.

Aside from lacking personal jurisdiction over the Defendants, this Court is not the proper venue for this action. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought.[30] As stated above, this Court does not have personal jurisdiction over the Defendants and none of the Defendants reside in Ohio. The events giving rise to this Complaint took place in El Paso, which is located within the Western District of Texas. The Western District of Texas would be the proper venue for this action.

### III. Failure to State a Claim

Finally, even if this Court had subject matter jurisdiction over the claims asserted in this action, and personal jurisdiction over the Defendants, and were the proper venue for this case, it would still be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. To survive a 12(b)(6) Motion to Dismiss, a Complaint "must present

---

[30] 28 U.S.C. § 1391(b).

'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party.[31] Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *pro se* Plaintiffs must still meet basic pleading requirements.[32]

Defendants indicate that the Child Support Division is a department of the Texas Office of the Attorney General making it a state agency. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies.[33]

The Eleventh Amendment also extends immunity to state officials sued in their official capacities. As there are no allegations in the Complaint suggesting Texas Attorney General Kenneth Paxton, Jr. was personally involved in the court proceedings leading to Plaintiff's child support obligation, the claims against him are construed as asserted against him in his official capacity. He is also entitled to absolute immunity under the Eleventh Amendment.

The El Paso Domestic Relations Office is not *sui juris*, meaning it lacks the capacity to sue or be sued. It is merely a subdivision of the municipality is serves, in this case El Paso County.[34] The claims against this Defendants are construed against El Paso County.

---

[31] *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570 ).
[33] *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).
[34] *See Burton v. Hamilton County Juvenile Court*, Case No. 1:04-cv-368, 2006 U.S. Dist. LEXIS 718, 2006 WL 91600 (S.D. Ohio Jan. 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued); *Yoel v. Gandolf*, Case No. 1:06-cv-387, 2007 U.S. Dist. LEXIS 17964, 2007 WL 777983 (N.D. Ohio Mar. 12, 2007) (holding that the Lake County, Ohio Court of Common Pleas cannot sue or be sued in a § 1983 action); *Harsh v. City of Franklin*, No. C-1-07-874, 2009 U.S. Dist. LEXIS 25209, at *12, 2009 WL 806653 (S.D. Ohio Mar. 26, 2009)("[A]bsent express statutory authority, a court can neither sue nor be sued in its own right.").

As a rule, local governments may not be sued under 42 U.S.C. § 1983 under a *respondeat superior* theory of liability for an injury inflicted solely by employees or agents.[35] "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[36] A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."[37] Child support is determined pursuant to Texas state statutes and is regulated by Title IV-D of the Social Security Act, 42 U.S.C. § 651. It is not determined by a local ordinance, custom or policy. Plaintiff failed to state a claim upon which relief may be granted against El Paso County.

Plaintiff does not include any allegations against Judge Antonio Rodriguez. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.[38] Plaintiff does not include any allegations that pertain to Judge Rodriguez. The claims against him are dismissed.

Judge Rodriguez indicates he issued judicial rulings in Texas state court proceedings involving Plaintiff's parental rights. To the extent that this is the basis for Plaintiff's claims against this Defendant, Judge Rodriguez is absolutely immune from suits for damages. Judicial

---

[35] *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978).
[36] *Id.* at 694.
[37] *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).
[38] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

officers are absolutely immune from civil suits for money damages.[39] This absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.[40] An action is not outside of the subject matter jurisdiction when it is simply done in error or in excess of his authority.[41] Moreover, a judge will be not deprived of immunity even if the action he or she took was done maliciously.[42] Judge Rodriguez presides over the Title VI-D court in El Paso, Texas which has subject matter jurisdiction over child custody and child support matters. If the claims against him are based on his order establishing a parent-child relationship and ordering the payment of child support, he is absolutely immune from this suit for damages.

Accordingly, Defendants' Motions to Dismiss (Doc. Nos. 4, 5, 9, and 10) are granted this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[43]

IT IS SO ORDERED.

Dated: June 11, 2019     *s/ James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[39] *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).
[40] *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57.
[41] *Id.*
[42] *Id.*
[43] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

9